# UNITED STATES DISTRICT COURT

for the

EASTERN   District of VIRGINIA

FILED

DEC 2 1 2012

CLERK, U.S. DISTRICT COURT
NORFOLK, VA

|  |  |
|---|---|
| United States of America | ) |
| v. | ) |
|  | )  Case No. 2:12cr196 |
| BRETT C. WALSH | ) |
| *Defendant* | ) |

## ORDER SETTING CONDITIONS OF RELEASE

IT IS ORDERED that the defendant's release is subject to these conditions:

      (1)     The defendant must not violate any federal, state or local law while on release.

      (2)     The defendant must cooperate in the collection of a DNA sample if the collection is authorized by 42 U.S.C. § 14135a.

      (3)     The defendant must immediately advise the court, defense counsel, and the U.S. attorney in writing before any change in address or telephone number.

      (4)     The defendant must appear in court as required and must surrender to serve any sentence imposed

           The defendant must appear at *(if blank, to be notified)*__U.S. District Court, 600 Granby Street,__

           Norfolk, Virginia  23510_____ on _____January 2, 2013 at 9:00 a.m._____
                                         *Place*
                                         *Date and Time*

### Release on Personal Recognizance or Unsecured Bond

IT IS FURTHER ORDERED that the defendant be released on condition that:

( ✔ ) (5)     The defendant promises to appear in court as required and surrender to serve any sentence imposed.

(   ) (6)     The defendant executes an unsecured bond binding the defendant to pay to the United States the sum of
                                                              dollars ($_____ )
           in the event of a failure to appear as required or surrender to serve any sentence imposed.

AO 199B  (Rev. 01/09) Additional Conditions of Release                                          Page ___2___ of ___4___ Pages

## ADDITIONAL CONDITIONS OF RELEASE

Upon finding that release by one of the above methods will not by itself reasonably assure the defendant's appearance and the safety of other persons or the community,
IT IS FURTHER ORDERED that the defendant's release is subject to the conditions marked below:

(✓) (7)   The defendant is placed in the custody of:
          Person or organization——————————————————————————————————————————
          Address *(only if above is an organization)* ————————————————————————————
          City and state ———————————————————— Tel. No. *(only if above is an organization)*————
who agrees (a) to supervise the defendant in accordance with all of the conditions of release, (b) to use every effort to assure the defendant's appearance at all scheduled court
proceedings, and (c) to notify the court immediately if the defendant violates any condition of release or disappears.

                                              Signed: _____         _____
                                                                    *Custodian or Proxy*                        *Date*

(✓) (8) The defendant must:
   (✓)   (a)   report to the U.S. PROBATION ___ , telephone number 222-7400/7300 ___ , no later than than AS DIRECTED ___ .
   ( )   (b)   execute a bond or an agreement to forfeit upon failing to appear as required the following sum of money or designated property:

   ( )   (c)   post with the court the following proof of ownership of the designated property, or the following amount or percentage of the above-described sum
              _____

   ( )   (d)   execute a bail bond with solvent sureties in the amount of $_____.
   ( )   (e)   maintain or actively seek employment.
   ( )   (f)   maintain or commence an education program.
   (✓)   (g)   surrender any passport to: U.S. PROBATION _____
   (✓)   (h)   obtain no passport
   (✓)   (i)   abide by the following restrictions on personal association, place of abode, or travel: STATE OF VIRGINIA _____
   (✓)   (j)   avoid all contact, directly or indirectly, with any person who is or may become a victim or potential witness in the investigation or
              prosecution, including but not limited to: SEE PAGE 3 _____
   ( )   (k)   undergo medical or psychiatric treatment or remain in an institution as follows:
   ( )   (l)   return to custody each (week) day at _____ o'clock after being released each (week) day at _____ o'clock for employment,
              schooling, or the following purpose(s)_____
   ( )   (m)   maintain residence at a halfway house or community corrections center, as the U.S. Probation Office or supervising officer considers necessary.
   (✓)   (n)   refrain from possessing a firearm, destructive device, or other dangerous weapons.
   (✓)   (o)   refrain from ( ) any (✓) excessive use of alcohol.
   (✓)   (p)   refrain from use or unlawful possession of a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed
              medical practitioner.
   (✓)   (q)   submit to any testing required by the U.S. Probation Office or the supervising officer to determine whether the defendant is using a prohibited substance.
              Any testing may be used with random frequency and include urine testing, the wearing of a sweat patch, a remote alcohol testing system, and/or any form
              of prohibited substance screening or testing. The defendant must refrain from obstructing or attempting to obstruct or tamper, in any fashion, with the
              efficiency and accuracy of any prohibited substance testing or monitoring which is (are) required as a condition of release.
   (✓)   (r)   participate in a program of inpatient or outpatient substance abuse therapy and counseling if the U.S. Probation Office or supervising officer considers it
              advisable.
   ( )   (s)   participate in one of the following location monitoring program components and abide by its requirements as the U.S. Probation officer or supervising
              officer instructs.
              ( )  (i)  **Curfew.** You are restricted to your residence every day ( ) from  ——————————— to ———————————, or ( ) as directed by
              the U.S. Probation office or supervising officer; or
              ( )  (ii) **Home Detention.** You are restricted to your residence at all times except for employment; education; religious services; medical, substance
              abuse, or mental health treatment; attorney visits; court appearances; court-ordered obligations; or other activities pre-approved by the U.S. Probation
              Office or supervising officer; or
              ( )  (iii) **Home Incarceration.** You are restricted to 24-hour-a-day lock-down except for medical necessities and court appearances or other activities
              specifically approved by the court.
   ( )   (t)   submit to the location monitoring indicated below and abide by all of the program requirements and instructions provided by the U.S. Probation officer or
              supervising officer related to the proper operation of the technology.
              ( )  The defendant must pay all or part of the cost of the program based upon your ability to pay as the U.S. Probation Office or supervising officer
              determines.
              ( )  (i)  Location monitoring technology as directed by the U.S. Probation Officeor supervising officer;
              ( )  (ii) Radio Frequency (RF) monitoring;
              ( )  (iii) Passive Global Positioning Satellite (GPS) monitoring;
              ( )  (iv) Active Global Positioning Satellite (GPS) monitoring (including "hybrid" (Active/Passive) GPS),
              ( )  (v) Voice Recognition monitoring.
   (✓)   (u)   report as soon as possible, to the U.S. Probation Office or supervising officer any contact with any law enforcement personnel, including, but not limited
              to, any arrest, questioning, or traffic stop.
   (✓)   (v)   SEE PAGE THREE (3) FOR ADDITIONAL SPECIAL CONDITIONS OF RELEASE _____
   ( )   (w)   _____
   ( )   (x)   ————————————————————————————————————————————
   ( )   (y)   ————————————————————————————————————————————

          DISTRIBUTION:   COURT    DEFENDANT    U.S.PROBATION OFFICE    U.S. ATTORNEY    U.S. MARSHAL

Brett C. Walsh                                    Page 3 of 4
2:12cr196

SPECIAL CONDITIONS OF SUPERVISED RELEASE (CONTINUED)

1. The defendant is directed to seek and maintain verifiable employment as directed by the U.S. Probation Office.

2. The defendant is directed to submit to electronic monitoring with timeouts as determined by U.S. Probation, at the defendant's expense. Electronic monitoring to be in place by January 9, 2013.

3. The defendant shall comply with a specified curfew from 11:00 p.m. to 7:00 a.m. as specified by the U.S. Probation Office.

4. The defendant is directed to undergo substance abuse testing and treatment at the expense of the defendant as directed by the U.S. Probation Office.

5. The defendant is directed to avoid all contact with alleged victims/potential witnesses or co-conspirators including three (3) co-defendants, Timothy Sean Moore, Jr., Caroline Elizabeth Taylor and Angelia Walke; also, Timothy Goins and Brittany Ferrari.

AO 199C (Rev. 09/08) Advice of Penalties

Page __4__ of __4__ Pages

# ADVICE OF PENALTIES AND SANCTIONS

TO THE DEFENDANT:

YOU ARE ADVISED OF THE FOLLOWING PENALTIES AND SANCTIONS:

Violating any of the foregoing conditions of release may result in the immediate issuance of a warrant for your arrest, a revocation of your release, an order of detention, a forfeiture of any bond, and a prosecution for contempt of court and could result in imprisonment, a fine, or both.

While on release, if you commit a federal felony offense the punishment is an additional prison term of not more than ten years and for a federal misdemeanor offense the punishment is an additional prison term of not more than one year. This sentence will be consecutive (*i.e.*, in addition to) to any other sentence you receive.

It is a crime punishable by up to ten years in prison, and a $250,000 fine, or both, to: obstruct a criminal investigation; tamper with a witness, victim, or informant; retaliate or attempt to retaliate against a witness, victim, or informant; or intimidate or attempt to intimidate a witness, victim, juror, informant, or officer of the court. The penalties for tampering, retaliation, or intimidation are significantly more serious if they involve a killing or attempted killing.

If, after release, you knowingly fail to appear as the conditions of release require, or to surrender to serve a sentence, you may be prosecuted for failing to appear or surrender and additional punishment may be imposed. If you are convicted of:

(1) an offense punishable by death, life imprisonment, or imprisonment for a term of fifteen years or more – you will be fined not more than $250,000 or imprisoned for not more than 10 years, or both;

(2) an offense punishable by imprisonment for a term of five years or more, but less than fifteen years – you will be fined not more than $250,000 or imprisoned for not more than five years, or both;

(3) any other felony – you will be fined not more than $250,000 or imprisoned not more than two years, or both;

(4) a misdemeanor – you will be fined not more than $100,000 or imprisoned not more than one year, or both.

A term of imprisonment imposed for failure to appear or surrender will be consecutive to any other sentence you receive. In addition, a failure to appear or surrender may result in the forfeiture of any bond posted.

## Acknowledgment of the Defendant

I acknowledge that I am the defendant in this case and that I am aware of the conditions of release. I promise to obey all conditions of release, to appear as directed, and surrender to serve any sentence imposed. I am aware of the penalties and sanctions set forth above.

_____
*Defendant's Signature*

Norfolk, VA BW Chesapeake, VA
*City and State*

## Directions to the United States Marshal

(   ) The defendant is ORDERED released after processing.

(   ) The United States marshal is ORDERED to keep the defendant in custody until notified by the clerk or judge that the defendant has posted bond and/or complied with all other conditions for release. If still in custody, the defendant must be produced before the appropriate judge at the time and place specified.

Date: _____December 21, 2012_____

_____
*Judicial Officer's Signature*

Lawrence R. Leonard, U.S. Magistrate Judge
*Printed name and title*

DISTRIBUTION:   COURT   DEFENDANT   U.S. PROBATION OFFICE   U.S. ATTORNEY   U.S. MARSHAL