IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

**Norfolk Division**

UNITED STATES OF AMERICA

v.                                                    CRIMINAL NO.: 2:12CR196

BRETT C. WALSH

        Defendant.

## POSITION OF THE DEFENDANT, BRETT C. WALSH, WITH REGARD TO SENTENCING FACTORS

COMES NOW the defendant, Brett C, Walsh, by counsel and states as follows for his position on sentencing factors and requests, for the reasons set forth below, that the court impose a sentence that is below the advisory guideline range:

I.      The Defendant objects to the two (2) point enhancement under USSG 2D.1.(b)(1) for possession of a firearm. There is no evidence that the Defendant ever possessed the firearm that was in the vehicle. The Defendant was a passenger in the vehicle which was owned by the driver. The weapon was found hidden in a rear door pocket. In fact, the uncontradicted evidence is that the other individual in the vehicle was the owner of the weapon and there is affirmative evidence that the Defendant had no knowledge or possession of the weapon in the vehicle (PSR paragraph 10 page 6). The Defendant was residing in the house for only approximately two (2) days prior to the search that yielded weapons from the other individual's room (PSR paragraph 8 page 5).

The clear intent of the enhancement under 2D1.1(b)(1) is to increase the guideline range of those individuals who possess firearms as part of drug trafficking activities. It is not intended nor should it be applied to enhance the sentence of an individual like this Defendant, particularly for guns that are owned and possessed by a co-defendant without the knowledge of Mr. Walsh. The Court must determine by a preponderance of the evidence whether or not the weapon was connected with the Defendant's drug activity. U.S. v. Manigan; 592 f.3d 621 (4th Cir 2010).

In the co-defendant case of Caroline Taylor, the Untied States took the position that a weapon found in a home where the defendant resided, was not sufficient to warrant this enhancement (United States Position Paper, Document 110, June 25, 2013, U.S. v. Taylor, 2:12cr196-002). The factual scenario here is even more favorable to the defendant, Walsh, since it was not his home and he had resided there only a short period of time. The Court's attention is also drawn to U.S. v. Apple; 915 f.2d 899 (4th Cir 1990), U.S. v. Robinson; 978 f.2d 1554 (10 Cr 1992), and U.S. v. Ponce; 168 F 3d 584 (2nd Cir 1999).

The inclusion of the gun enhancement will mark the Defendant as a violent participant in the conspiracy, will adversely affect him in terms of custody status and program eligibility, and will unjustifiably increase his advisory guidelines.

II.     The Defendant requests that he be sentenced to probation or a minimal term of confinement.

The scenario of this case in terms of the Defendant's actions to assist law

enforcement are extraordinary, if not unprecedented.

As set forth in the presentence report and statement of facts, the Defendant walked into the Portsmouth Police Department and advised authorities of his involvement in the possession and distribution of methylone in October, 2012. At this time the Defendant was not wanted for any offense and was not represented by counsel. In addition to disclosing his own involvement in illegal activities, the Defendant also offered information about other individuals that was truthful and timely. He also pro-actively assisted the authorities in making a controlled purchase of illegal substances and was instrumental in the identification and prosecution of numerous persons for serous drug offenses. The Defendant decided to assist authorities in this unprecedented fashion with no guarantees regarding himself and no legal counsel. Such cooperation is clearly something that is outside the normal human behavior in these situations and was not considered or taken into account by the drafters of the USSG.

In addition to what the Defendant did prior to his indictment and arrest, he has also shown great work ethic and character since his arrest. He has been totally drug free for a year, has worked and learned a skill that will allow him to earn a living and be a productive member of society for the rest of his life, and has continued his full cooperation with law enforcement. He has also fully complied with all terms and conditions placed on him by the Court and probation office.

Finally, as set forth in the PSR report, the drug guidelines overstate the

seriousness of the substance which the Defendant was involved with. The purity of methylone is far less than MDMA, which is the substance that the guideline range is based on. The concept of the guidelines as they relate too drug offenses is to look at two specific factors on any particular substance, weight and the potential harm to be caused by the substance. The harm is generally understood to relate to the purity of the substance, its addictive qualities, and the effects of the substance on those who chose to ingest it. The defense contends that in a case where the actual purity of the substance is approximately ½ of the purity of the substance used to calculate the guidelines, a downward adjustment is both reasonable and fair.

The directive to impose a sentence that is "sufficient but not greater than necessary" should not be a mere truism, but should be a standard to impose severe sentences of lengthy confinement on only those for whom no other punishment is legally and morally justified. Mr. Walsh is a first time, non-violent drug offender. He committed the current offenses while young, immature and battling his own drug problem. He was not a manager or a leader of any activity and could most fairly be characterized as a willing pawn of those individuals who procured and imported the substances. He has demonstrated great rehabilitative potential by his efforts to assist law enforcement, his steady employment, and the insight and remorse about his activities that he has shown. The Defendant should be sentenced in a fashion that allows him to continue on the path of rehabilitation and

positive achievement that he has demonstrated he is capable of.

The United States Congress did not see fit to legislate a minimum mandatory sentence for the offense that the Defendant committed. The Court should not, therefore, presume that any particular type of sentence is required to meet the ends of justice for a defendant with the background and characteristics of Mr. Walsh.

Respectfully Requested,

**BRETT C. WALSH**

_____ / s / _____
Lawrence H. Woodward, Jr., Esquire
Virginia State Bar #21756
Attorney for the Defendant,
    Brett C. Walsh
Shuttleworth, Ruloff, Swain,
    Haddad & Morecock, P.C.
4525 South Boulevard, Suite 300
Virginia Beach, Virginia 23452
Telephone Number: (757) 671-6000
Facsimile Number: (757) 671-6004
Email address: lwoodward@srgslaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on the  day of October, 2013, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

Amy C. Cross, Esquire
Assistant United States Attorney
Attorney for the United States
8000 World Trade Center
101 West Main Street

Norfolk, VA 23510
Phone: 757/441-6331
Fax: 757/441-6689
Email address: amy.cross@usdoj.gov

And, I hereby certify that I have mailed the documents by U.S. Mail to the following non-filing user:


Tara R. Gill
United States Probation Office
600 Granby Street, Suite 200
Norfolk, VA 23510


_____/ s /_____
Lawrence H. Woodward, Jr. Esquire
Virginia State Bar #21756
Attorney for the Defendant,
    Brett C. Walsh
Shuttleworth, Ruloff, Swain,
    Haddad & Morecock, P.C.
4525 South Boulevard, Suite 300
Virginia Beach, Virginia   23452
Telephone Number:  (757) 671-6000
Facsimile Number:   (757) 671-6004
Email address: lwoodward@srgslaw.com